NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

LONZY MAYBIN, PETITIONER, v. D. L. & W. COAL
COMPANY, RESPONDENT.

Decided September 2, 1941.

For the petitioner, *Herman M. Wilson.*

For the respondent, *John W. Taylor* (*Everett Reinhardt,*
of counsel).

This matter presents for determination the question of the
extent and nature of certain disabilities suffered by the
petitioner as a result of an accident which admittedly arose
out of and within the course of his employment on August
8th, 1934.

It appears from the testimony that the petitioner on the
above date fell from a scaffold and sustained injuries to his
back and abdomen. He remained under treatment for a
period of 48 5/7 weeks, a portion of which time he was con-
fined to the St. Michael's Hospital. As a result of the injuries
sustained he suffered among other things from a compression
fracture of the eleventh dorsal vertebrae, a laceration of the
spleen and omentum.

Following the aforesaid period of temporary disability and
more particularly on the 13th day of February, 1936, a
settlement was consummated between the parties and approved
by Deputy Commissioner John J. Stahl, under the terms of

which the petitioner was allowed in addition to the temporary disability aforesaid, compensation for permanent disability for a period of 250 weeks or 50% of total.

Petitioner now alleges that the disability since such occasion has increased. He testified that he has at no time since this accident been able to return to any kind of work whatsoever and he suffers from considerable pain in his back, pain in his abdomen and has a dizzy and weak feeling.

It appears also from his testimony that prior to the accident of August 8th, 1934, he suffered other accidental injuries, among which was an injury to his head resulting in a large scar on his forehead; a fracture of the left wrist and amputation of a portion of the middle finger of his left hand and that he also suffered a luetic condition at about the age of 20 years.

There appeared on behalf of the petitioner Dr. Max Singer, and he testified that he examined the petitioner on several occasions prior to the disposition of this case and on two occasions since. He stated that petitioner was suffering from a compressed fracture of the eleventh dorsal vertebrae; that he still had a large abdominal scar, which was the result of surgical treatment rendered for the lacerated spleen. As a result of these conditions this witness felt that petitioner's disability approximated 75% of total. There was, however, in addition to these, evidence of an existing luetic condition, a disability in petitoner's wrist due to an old fracture, unrelated to the accident herein; an amputation of a portion of the middle finger of his left hand and a scar on his forehead, due to accidents occurring before the one involved in the case at bar.

These disabilities he stated, together with the injuries resulting from the accident herein, were such that the petitioner from a standpoint of a physiological unit was totally disabled.

Dr. William Ein, appearing as a witness on behalf of the petitioner, testified that he conducted physical and X-ray examinations of the petitioner; that he found in addition to the compressed fracture of the eleventh dorsal vertebrae there had occurred an osteo-arthritic bridging between the

eleventh and its adjoining vertebral bodies. This he stated was due to the result of this accident. He also related in detail the abdominal scar and the general arthritic and surgical condition from which petitioner was suffering. In his opinion, the petitioner as a result of the accidental injuries sustained herein, was disabled to the extent of 66 2/3% of total, but that the many previous accidental injuries and his pre-existing luetic condition added to that disability, make him presently totally disabled.

Dr. Ambrose F. Dowd, testified that he had examined the petitioner. From a neurological standpoint petitioner was disabled approximately 30% of total; that this neurological disability was made up of the result of his previously existing luetic condition, which he felt was not aggravated by the accidental injuries, and certain neurological sequellae of the accidental injuries sustained herein.

There was also submitted to him a hypothetical question incorporating the essential factors of Dr. Ein's and Dr. Singer's testimony, taking all of these factors into consideration, together with his neurological study of the case, he felt that the petitioner was presently totally disabled; that this disability was made up of several pre-existing accidental injuries and pre-existing luetic diseases and such disability as has resulted in the accident of 1934.

On behalf of the respondent, Dr. Albert Harden appeared as a witness. He testified that he treated the petitioner for the injuries sustained as a result of his accident with the respondent herein. His enumeration of these conditions and his diagnosis was substantially the same as that testified to by Drs. Ein and Singer. He expressed the opinion that as a result of these accidental injuries the petitioner suffered a disability of 70% of total; that in addition thereto he was suffering from certain other disabilities which were not related to the accident; namely, scar on his forehead, a fractured wrist, an amputated finger and a luetic condition.

Dr. George Meehan testified as to his examinations both prior and subsequent to the previous disposition of this matter. He described in detail the various findings, in substance they indicated that the petitioner has sustained an

increase disability and at present was disabled as a result of the injuries of 1934 to the extent of 66 2/3% of total. He stated also that petitioner was suffering from certain other disabilities which were unrelated to the accident and the accumulation of all of his disabilities were such that he was of the opinion that petitioner presently is totally disabled.

Dr. Jack Blumberg, testifying on behalf of the respondent, particularly stressing the neurological aspects of the case, testified that he was of the opinion that petitioner's disability resulting from the accident herein disabled him to the extent of 70% of total. That in addition thereto, the other disabilities existed, which together with that 70% totally disabled him. He felt, however, that while petitioner was presently unable to do any work that he might in some measure be rehabilitated and recommended that some form of occupational therapy be attempted, this concurred with the opinion as expressed by Drs. Dowd, Singer and Ein.

After carefully considering all of the evidence presented herein, I hereby find and determine as follows:

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

That as a result of the injuries sustained in said accident, the petitioner suffered a permanent disability to the extent of 70% of total for which he is entitled to receive compensation for a period of 350 weeks at the rate of $17.50 per week and on account of which compensation has heretofore been paid for a period of 250 weeks.

It is, therefore \*　\* . \* ordered that judgment be entered in favor of the petitioner and against the respondent for compensation for a period of 100 weeks to be paid at the rate of $17.50 per week.

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

JOHN C. WEGNER,
*Deputy Commissioner.*